UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JAMES SAKOCIUS,

       Plaintiff,                                 Hon. Paul L. Maloney

v.                                                Case No. 1:21-cv-640

MODERNA, INC., et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on July 27, 2021, by filing a complaint against Moderna, Inc., and the United States of America and paying the civil action filing fee. The matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A) and (b)(1)(B) for decision on all pretrial matters and submission of recommendations on dispositive motions. Pursuant to that authority, I recommend that the Court *sua sponte* dismiss this action for lack of subject matter jurisdiction.

Although Plaintiff ostensibly sues Moderna, Inc., and the United States, a reader of the complaint will struggle to determine a cause of action against those Defendants or any other party. The complaint moves from one subject to the next without a coherent theme. Plaintiff mentions a request for a mental health expungement, the Watershed Protection and Flood Prevention Act, a writ of mandamus, source code, microbiology and virology, the "Space Force," "Code Uranus, a dissertation, and Oakland University. Plaintiff also includes mathematical equations and requests to "[i]ntroduce a photograph of [his] Pomeranian dog, Money, into evidence," as a "character witness synthesized." (ECF No. 1 at PageID.11–12.) He concludes, "I have appropriately reported the unannounced federal holiday on a market day (July 5, 2021) and the [C]onfucious counter to

my progress (Quantum entanglement solution as a derivative; meaning "Origin Outliers")." (*Id.* at PageID.12.)

Because Plaintiff paid the filing fee, I am not authorized to review the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed because it is frivolous or malicious or fails to state a claim on which relief may be granted. *See Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) ("Clark, however, did not proceed IFP, but paid the filing fee. Generally, if a plaintiff pays the filing fee, a complaint is not subject to dismissal without notice to the plaintiff and an opportunity to amend.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). Nonetheless, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 553 F.3d 412, 417 (6th Cir. 2008).

Here, dismissal for lack of subject matter jurisdiction is proper, as the complaint lacks an arguable basis in fact or law and is therefore frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, I recommend that the Court dismiss this action for lack of subject matter jurisdiction.

Dated: August 4, 2021                          /s/ Sally J. Berens
                                               SALLY J. BERENS
                                               U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).